IN THE MATTER OF THE ASSIGNMENT OF HENRY
GROTENKEMPER.

*Assignment for creditors—Agreement to compromise—Priority of liens.*

A, the treasurer of a church, loaned $16,000 of its funds to B; B executing and delivering to A thirty-two notes of $500 each, and also his mortgage on certain real estate to secure their payment. A indorsed and transferred these notes to the church. B paid half of the notes, and failing to pay the remaining half, the church brought suit against A as indorser, recovered a judgment against him, levied an execution against his stock in trade and realized $6,026.75. B had also executed and delivered to A, deeds of certain real estate as further security for his loan, which were considered by the parties as mortgages and held as such. By the proceedings of the church against A, he became insolvent and B desiring to recompense A, by way of compromise, agreed to pay to A's wife $2,000, she having before that time become the owner and holder by transfer from her husband of all claims he held against B. The parties then entered into an agreement with each other by which A and his wife were to reconvey to B all the real estate the latter had conveyed to A in the deeds mentioned, in consideration of which B was to pay to A's wife the sum of $9,875.35, and discharge A from his liabilities as indorser. Subsequently B made an assignment for the benefit of creditors. *Held,* that A's wife had a valid claim for $2,000, against B's assignee, but that it was postponed to the liens and judgment acquired after the execution and delivery of. the deeds and mortgage.

*Decided June 14, 1889.*

HENRY GROTENKEMPER prior to his assignment was engaged in business in this city, and requiring money from time to time, he prevailed upon his

friend J. H. Temmen to assist him. **They** had numerous transactions. From the evidence it appears that Temmen, being at the time treasurer of St. George's church, and having a large amount of money in his hands belonging to the church, loaned to Grotenkemper the sum of sixteen thousand dollars, Grotenkemper in return executing and delivering to Temmen thirty-two notes of $500 each, and also his mortgage on certain real estate, being part of the property mentioned in the agreement to which I shall hereafter refer, to secure such notes. Temmen in turn indorsed and transferred these notes to the church. Grotenkemper paid sixteen of the notes as they became due. Having failed to pay the remaining notes, the church brought suit against Temmen as indorser, and recovered a judgment against him. Temmen at the time was engaged in the hardware business, and had a stock of goods valued at between fourteen and fifteen thousand dollars, An execution was issued upon this judgment and the sheriff levied on the property and realized $6,026.75.

In addition to the mortgage Grotenkemper conveyed by two deeds certain real estate, being part of the property mentioned in the agreement hereafter referred to, to secure Temmen on any claim he might have against him. These deeds were by the parties considered as mortgages and held as security only.

Temmen by reason of this levy and sale became a bankrupt. Grotenkemper realizing that Temmen had sustained a heavy loss, desired in some measure to recompense him, and after some discussion and negotiation between them, they compromised their differences by Grotenkemper agreeing to pay to Mrs. Temmen two thousand dollars, she before that time having become the owner and holder by a transfer from J. H. Temmen of all claims against Grotenkemper, and thereupon the parties entered into the following agreement:

"Know all men by these presents that, whereas, Henry Grotenkemper has heretofore conveyed certain real estate mentioned in the following deeds recorded in Book 429, page 284 ; Book 358, page 138, and Book 404, page 255 respectively, all of the records of Hamilton County, State of Ohio, to J. H. Temmen, and,

"Whereas, the said J. H. Temmen is willing to reconvey all of said real estate to said Henry Grotenkemper or such person as he may direct upon the payment to Catherine Elizabeth Temmen of certain sums of money that the said J. H. Temmen claims the said Grotenkemper owes him, and for which he became liable by reason of indorsing the paper of said Grotenkemper, and upon being released therefrom ;

"Now, therefore, the said Grotenkemper agrees to

pay said Catherine Elizabeth Temmen, her administrators or assigns, one-half in one year, and the other half in two years from the date hereof the sum of $9,786.35, with interest thereon from the 20th day of January, 1880, at the rate of six per cent., per annum, and also agrees to proceed to discharge said J. H. Temmen from such liability as indorser.

"On receiving payment as aforesaid, and being released from said indorsements said J. H. Temmen and said Catherine Elizabeth Temmen, his wife, agree to execute proper deeds of conveyance to said Grotenkemper, or such person as he may direct, for all said real estate mentioned in said deeds, and this agreement when executed and carried into effect to be a full and fair settlement of all matters between said parties.

"In witness whereof we have hereunto subscribed our names on this 20th day of January, 1880.

(Signed) { HENRY GROTENKEMPER, J. H. TEMMEN, CATHERINE ELIZABETH TEMMEN."

Grotenkemper subsequently made an assignment for the benefit of his creditors.

*J. A. Jordan*, for Catherine Temmen.

*Herman Muller* and *E. P. Bradstreet*, for creditors.

GOEBEL, J.

The property described in the agreement being held in trust for Grotenkemper, the question arises, has Catherine Temmen a valid claim for $2,000, and if so, is it a prior lien upon the property so held in trust.

It is maintained that there was no consideration for the transfer by Temmen to Catherine Temmen of his claim against Grotenkemper. The evidence shows that J. H. Temmen at the time of the assignment of his claims against Grotenkemper was indebted to Catherine Temmen, but we do not think it is a proper question to raise.

Grotenkemper entered into the agreement with Catherine Temmen. He recognized her as his creditor, and she him as her debtor. Grotenkemper could not make this defense at this time. His trustee on behalf of his creditors is estopped.

True, Catherine Temmen, stands in no better position than J. H. Temmen, so far as the claim is concerned, for at the time of the transaction the claim was due, and it is subject to any equities that could be interposed.

It must be conceded that there was no legal liability against Grotenkemper for the loss Temmen had sustained by reason of the sale, which he, Temmen, could have enforced in a proceeding at law.

It has been held that a loss or expense occasioned by a surety attempting to avoid payment of an obliga-

tion can not be considered as a subject of indemnity. *Hayden* v. *Cabot*, 17 Mass. 169 ; Sedgwick on Measure of Damages, 7th Ed. 124 ; 2 Sutherland on Damages 577.

Yet, there was an equity, which was a subject for consideration by Grotenkemper, and this was so recognized by him. Temmen wanted the entire value paid to him ; Grotenkemper declined. That a compromise was effected is evident. Whether it was a valid claim can not be inquired into now. A compromise of a doubtful claim is a good consideration for a promise to pay money, and when an action is brought upon such promise, it is not necessary to show that the claim is a good and valid one. *Crans* v. *Hunter*, 28 N. Y. 389 ; *Seaman* v. *Seaman*, 12 Wend. (N. Y.) 381 ; *Russell* v. *Cook*, 3 Hill (N. Y.) 504.

This court will therefore not look beyond the compromise.

Has Catherine Temmen a prior lien ? If she has, it is not by virtue of any stipulation in the deeds or mortgage, but by virtue of an agreement entered into subsequently to the execution and delivery of the deeds and mortgage, and intended to cover an amount not contemplated at the time. The law is well settled in Ohio, that future advances may be secured by mortgage when so stipulated, and it has also been held that a subsequent mortgage will have priority

over it, as to any, advances made after such subsequent mortgage is placed on record. *Spader* v. *Lawler*, 17 Ohio 371; *Choteau* v. *Thompson*, 2 O. S. 114; *West* v. *Klotz*, 37 O. S. 420; *Jones* v. *The Guaranty and Indemnity Co.*, 101 U. S. 622.

The doctrine upon which all these cases rest is notice. Apply that doctrine here, and we find an agreement of the parties, not on record, which would have been notice to the world that the property was liable for more than was originally stipulated, and which seeks to enlarge the security and postpone subsequent lien holders. Such subsequent lien holders were not advised, nor enabled to guard against such encumbrances. To permit a security to be enlarged under such circumstances would be to deprive them of all their rights, and of the security which they had a right to rely upon by the record.

Nor do we think that the two thousand dollars was an advancement within the ruling of the cases cited. It was a compromise of a claim separate and distinct from the nature of the claim for which the deeds and mortgage were executed.

While we hold that Mrs. Temmen has a valid claim, we also hold that such claim is not prior to the liens and judgments, which became liens after the execution and delivery of the deeds and mortgage, and to the extent of the two thousand dollars, her claim must be postponed to that of the other lien holders.